# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| In re: BOYSEN, ALLEN F | § | Case No. 05-74719 |
| BOYSEN, VERONICA H | § | |
| | § | |
| Debtors | § | |

## NOTICE OF TRUSTEE'S FINAL REPORT AND APPLICATIONS FOR COMPENSATION (NFR)

Pursuant to Fed. R. Bankr. P.2002(a)(6) and 2002(f)(8), please take notice that JAMES E. STEVENS, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications.

| | |
|---|---|
| *The Final Report shows receipts of* | $ 10,024.70 |
| *and approved disbursements of* | $ 18.79 |
| *leaving a balance of* | $ 10,005.91 |

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| N/A | |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | | *Fees* | *Expenses* |
|---|---|---|---|
| Trustee | JAMES E. STEVENS | $ 1,752.47 | $ |
| Attorney for trustee | Barrick Switzer Law Firm | $ 3,472.00 | $ |
| Appraiser | | $ | $ |
| Auctioneer | | $ | $ |
| Accountant | | $ | $ |
| Special Attorney for trustee | | $ | $ |
| Charges, | U.S. Bankruptcy Court | $ 250.00 | $ |
| Fees, | United States Trustee | $ | $ |
| Other | | $ | $ |

**UST Form 101-7-NFR (4/1/2009)**

*Attorney for trustee* <u>Barrick, Switzer Law Firm</u>    $_____    $_____150.00__

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | | Fees | Expenses |
|---|---|---|---|
| *Attorney for debtor* | _____ | $_____ | $_____ |
| *Attorney for* | _____ | $_____ | $_____ |
| *Accountant for* | _____ | $_____ | $_____ |
| *Appraiser for* | _____ | $_____ | $_____ |
| *Other* | _____ | $_____ | $_____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | N/A | | |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 47,423.22 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 9.2 percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 1 | World Financial Network National Bank | $ 242.80 | $ 22.43 |
| 2 | Discover Bank/Discover Financial Services | $ 6,672.00 | $ 616.43 |
| 3 | First National Bank of Omaha | $ 7,263.49 | $ 671.08 |
| 4 | Kohl's Department Store | $ 659.58 | $ 60.94 |
| 5 | Target National Bank (f.k.a. Retailers National Ba | $ 8,468.35 | $ 782.39 |
| 6 | Capital Recovery One | $ 235.10 | $ 21.72 |
| | Recovery Management | | |

**UST Form 101-7-NFR (4/1/2009)**

| | | | |
|---|---|---|---|
| 7 | Systems Corporation | $ 891.41 | $ 82.36 |
| 8 | Recovery Management Systems Corp | $ 62.57 | $ 5.78 |
| 9 | Recovery Management Systems Corporation | $ 522.79 | $ 48.30 |
| 10 | Citibank(South Dakota)/Choice | $ 21,954.84 | $ 2,028.41 |
| 11 | Capital Recovery One | $ 450.29 | $ 41.60 |

Late filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 12 | eCAST Settlement Corporation assignee of | $ 23,959.13 | $ 0.00 |

Subordinated unsecured claims for fines, penalties, and forfeitures are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | N/A | | |

The amount of surplus returned to the debtor after payment of all claims and interest is $0.00.

UST Form 101-7-NFR (4/1/2009)

The trustee's Final Report and all applications for compensation are available for inspection at the Office of the Clerk, U.S. Bankruptcy Court:
United States Bankruptcy Court

Any person wishing to object to any fee application or the Final Report, must file a written objection within 20 days of the date of this notice, together with a request for a hearing and serve a copy of both upon the trustee, any party whose application is being challenged and the United States Trustee. If no objections are filed, the Court will act on the fee applications and the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

If local court rules so require, the following procedure for objecting must be followed:

Any person wishing to object to any fee application that has not already been approved or to the Final Report, must file a written objection within 20 days of the date of this notice, serve a copy of the objections upon the trustee, any party whose application is being challenged and the United States Trustee. A hearing on the fee applications and any objection to the Final Report will be held at 09:30 on 09/16/2009 in Courtroom 115, United States Courthouse,
211 South Court Street
Rockford, IL 61101.
If no objections are filed, upon entry of an order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.


Date: __08/06/2009__          By:  __/s/JAMES E. STEVENS__
                                              Trustee

JAMES E. STEVENS
6833 Stalter Drive
Rockford, IL 61108

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-NFR (4/1/2009)**